Dear Mr. Savoie:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for resolution. We restate your inquiry as follows:
 Who exercises administrative authority over the auxiliary police force, the elected chief of police or the assistant chief who heads the auxiliary?
The Town of Duson is a Lawrason Act municipality, governed by the provisions of LSA-R.S. 33:321, et seq. This office has repeatedly recognized that in a Lawrason Act municipality, the elected chief of police has supervisory power and authority over police department personnel. See Attorney General Opinions 93-446, 90-316, and 88-115, enclosed. The cited opinions are in partial reliance upon the provisions of LSA-R.S. 33:423, which state in pertinent part:
 The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, or creed.
We also enclose to you a copy of the case of Cogswell vs. the Town of Logansport, 321 So.2d 774 (La.App. 2nd Cir. 1975), wherein the court recognized that the chief of police has the power to supervise the operation of the police department and assign its personnel and equipment. Because the chief of police is the chief law enforcement officer within the municipality, this office is of the opinion that those auxiliary officers acting as agents of the municipality are subject to any administrative policy which the chief of police may choose to implement. Although the assistant chief may function in an administrative capacity, any administrative policy should ultimately be approved by the chief of police, in order to achieve uniformity with respect to the actions of all municipal law enforcement officers. Finally, we enclose to you a copy of Attorney General Opinion 81-45, which answers other general questions concerning the powers and duties of auxiliary police officers.
We hope the foregoing is helpful to you. Should you have other inquiries in which we may be of assistance, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK